**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANDREW VAIL,

                        Plaintiff,

      - v -                                         Civ. No. 9:12-CV-1718
                                                                     (MAD/RFT)

BRIAN FISCHER, *Commissioner, New York State*
*Department of Corrections and Community Supervision*,
THOMAS LAVALLEY, *Superintendent, Clinton*
*Correctional Facility*, TRUDEAU, *Corrections Officer,*
*Clinton Correctional Facility*, R. WOOD, *Sergeant,*
*Clinton Correctional Facility*, BRAN HAYES,
*Corrections Officer, Clinton Correctional Facility*,

                        Defendants.

**APPEARANCES:**                                 **OF COUNSEL:**

**ANDREW VAIL**
Plaintiff, *Pro Se*
10-A-4869
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

**HON. ERIC T. SCHNEIDERMAN**           **CHARLES J. QUACKENBUSH,**
                                                            **ESQ.**
New York State Attorney General             Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

*Pro se* Plaintiff Andrew Vail brings this civil rights Complaint, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights under the First and Fourteenth

Amendments through the use of excessive force and by threatening to retaliate against him in the event that he filed any grievances. Dkt. No. 1, Compl. Now before the Court is Defendants' Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Dkt. No. 13, and Plaintiff's separate Motion seeking Leave to Amend his Complaint, Dkt. No. 25. For the reasons that follow, we recommend that both Motions be **GRANTED** in part, and **DENIED** in part.

## II. DISCUSSION

### A. Standard of Review

FED. R. CIV. P. 15(a) states, in pertinent part, that leave to amend a pleading should be "freely given when justice so requires." *Tocker v. Philip Morris Co., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006); *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993). Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)). District courts are vested with broad discretion to grant a party leave to amend the pleadings. *SCS Commc'n, Inc. v. Herrick Co., Inc.*, 360 F.3d 329, 345 (2d Cir. 2004) (citing *Foman v. Davis*, 371 U.S. at 182, for the proposition that an "outright refusal to grant the leave without any justifying reason . . . is not an exercise of discretion [but] . . . merely [an] abuse of that discretion and inconsistent with the spirit of the Federal Rules"); *see also Local 802, Assoc. Musicians of Greater New York v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). "The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." *Media Alliance, Inc. v. Mirch*, 2010 WL 2557450, at *2 (N.D.N.Y.

June 24, 2010) (quoting *New York v. Panex Indus., Inc.*, 1997 WL 128369, at *2 (W.D.N.Y. Mar. 14, 1997)); *see also Lamont v. Frank Soup Bowl*, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000) (citations omitted). This requires the non-movant to "do more than simply claim to be prejudiced." *Breyette v. Amedore*, 205 F.R.D. 416, 417 (N.D.N.Y. 2002) (quoting *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.*, 776 F. Supp. 181, 185 (E.D. Pa. 1991)).

The Second Circuit has stated that where futility is raised as an objection to the motion to amend, and

> [w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend. *See, e.g.*, *Foman v. Davis*, 371 U.S. at 182, 83 S.Ct. at 230 (denial not abuse of discretion where amendment would be futile); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("where . . . there is no merit in the proposed amendments, leave to amend should be denied"); *Billard v. Rockwell Int'l Corp.*, 683 F.2d 51, 57 (2d Cir.1982) (denial not abuse of discretion where plaintiff had had "access to full discovery" in a related case).

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

As futility is an appropriate basis for denying leave to amend, such denial should be contemplated within the standards necessary to withstand a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984)).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 754 n. 6 (1963); *see also Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In this respect, to

survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, we consider the parties' Motions.

### B. Background

The following facts are summarized from Plaintiff's Proposed Amended Complaint, and are accepted as true for purposes of deciding the parties' Motions.

At all times relevant to this action, Plaintiff was incarcerated in the Protective Custody Unit at Clinton Correctional Facility ("CCF"). Dkt. No. 25-1, Proposed Am. Compl. (hereinafter "P.A.C.") at ¶ 13. Shortly after his arrival at the Protective Custody Unit on November 30, 2011, Defendants Wood, Hayes and Trudeau – Corrections Officers at CCF – called Plaintiff a "faggot," a "homosexual," threatened to have him raped, slapped him in the face, kicked him, and forced him to eat food mixed with chewing tobacco and other inedible substances. This incident lasted for "several hours." *Id.* at ¶¶ 14–16.

Between December 1, 2011, and May 2, 2012, these same Defendants continued to serve

Plaintiff food adulterated with tobacco and cleaning solution, continued to verbally abuse him, and physically assault him by, *inter alia*, choking (sometimes with plastic bags), slapping, kicking, stomping, cutting, burning, and whipping Plaintiff. *Id.* at ¶¶ 17–30. Defendants repeatedly told Plaintiff that "they could cause [him] 'a[ ]lot of pain without leaving a mark[,]' . . . [and] that he was [their] 'entertainment,' 'fun,' and 'bitch.'" *Id.* at ¶ 18. During this same time period Plaintiff faced threats for his filing of grievances by Wood, Hayes and Trudeau." *Id.* at ¶ 29-2.[1]

### D. Excessive Force

Plaintiff claims that Defendants Wood, Trudeau, and Hayes repeatedly physically assaulted him in violation of the Eighth Amendment's prohibition against the use of excessive force. P.A.C. at ¶ 39. Defendants' claim that Plaintiff failed to state a cause of action for excessive force or to personally implicate any of the named Defendants in the Original Complaint, and that the Proposed Amended Complaint should be denied as futile because it does not contain sufficient factual allegations to overcome these fatal shortcomings. *See* Dkt. No. 27, Defs.' Opp'n at p. 5; Dkt. No. 13-1, Defs.' Mem. of Law at pp. 6–7. As explained below, we disagree with Defendants.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (cited in *Tramell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003)). In *Hudson v. McMillian*, 503 U.S. 1 (1992), the Supreme Court clarified the standards for determining whether an Eighth Amendment violation occurred in the context of excessive force. Specifically, the Court stated that, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry

---

[1] There are two paragraphs numbered 29 and 30 in Plaintiff's Amended Complaint. For purposes of clarity we will refer to them as 29-1, 30-1, 29-2, and 30-2.

is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." 503 U.S. at 6-7 (quoted in *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994)). To validly assert a violation of the Eighth Amendment through the use of excessive force, an inmate must prove two components: (1) objectively, that the defendant's actions violated "contemporary standards of decency," and (2) subjectively, that the defendant acted wantonly and in bad faith. *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks and citations omitted).

Regarding the objective element, we note initially that "a *de minimis* use of force will rarely suffice to state a constitutional claim[.]" *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993). In that respect, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (quoted in *Hudson v. McMillian*, 503 U.S. at 10). However, the malicious use of force to cause harm constitutes an Eighth Amendment violation *per se* because in such instances "contemporary standards of decency always are violated." *Blyden v. Mancusi*, 186 F.3d at 263 (citing *Hudson v. McMillian*, 503 U.S. at 9). For example, "when a prison guard applies force against a prisoner that poses no reasonable threat simply because the guard loses his or her temper and wishes to wantonly inflict pain on the prisoner, a per se violation of the Eighth Amendment occurs." *Beckford v. Portuondo*, 151 F. Supp. 2d 204, 216 (N.D.N.Y. 2001) (citation omitted).

In assessing the objective component, the court should consider the seriousness of the injury, however, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury;" thus, "the seriousness of the injury is relevant to the Eight Amendment inquiry, but does not end it." *Davidson v. Flynn*, 32 F.3d

27, 29-30 n.1 (2d Cir. 1994) (alterations in original) (quoting *Hudson v. McMillian*, 503 U.S. at 4).

With regard to the subjective component, a court should consider whether the defendant had a wanton state of mind when engaging in the alleged misconduct. To determine whether a defendant acted wantonly or maliciously, several factors should be examined, including

> the extent of the injury and the mental state of the defendant, as well as the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by defendants to temper the severity of a forceful response.

*Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks and citations omitted); *see also Hudson v. McMillian*, 503 U.S. at 7).

Here, Plaintiff has sufficiently stated a plausible excessive force claim. Plaintiff's allegations detail specific instances of what could only be described as malicious and sadistic acts perpetrated by Defendants with the sole purpose of harming Plaintiff. *See* P.A.C. at ¶¶ 17–30-1. Factual allegations that Defendants boasted that "they could cause [Plaintiff] 'a[ ]lot of pain without leaving a mark[,]' . . . [and] that he was [their] 'entertainment,' 'fun,' and 'bitch,'" *id.* at ¶ 18, and Plaintiff's claim that he had not violated any prison rules nor behaved aggressively or threateningly towards Defendants to instigate such acts, *see generally* P.A.C., belie any claim that such acts were undertaken by Defendants as good faith efforts to restore or maintain order. Additionally, Plaintiff claims that Defendants Wood, Hayes, and Trudeau burned him with cigarettes and that Defendant Trudeau cut his arm with a knife. *See id.* at ¶¶ 23 & 25. The very nature of the injuries, among other indignities, resulting from these actions are strong indications of wanton and malicious conduct. Moreover, even without such injuries, here Defendants actions could potentially still constitute excessive force because the types of abuses Plaintiff has alleged clearly violate "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d at 263 (citing/quoting *Hudson v. McMillan*,

503 U.S. at 8).

Moreover, Plaintiff's Proposed Amended Complaint provides important information missing from the Original Complaint, such as the dates of specific incidences, as well as which Defendants were personally involved in each incident. *Compare* Compl. at ¶¶ 17–28; *with* P.A.C. at ¶¶ 17–30. Therefore, notwithstanding Defendants' arguments to the contrary, the Proposed Amended Complaint sufficiently states an excessive force claim, and sufficiently implicates each of the named Defendants for purposes of establishing their personal involvement.

Defendants' argument that Plaintiff's Motion should be denied due to unfair delay is equally unavailing. Defendants do not argue that Plaintiff's Motion should be denied on the grounds of unfair prejudice, bad faith, or failure to cure deficiencies in prior pleadings. Rather, they cite the three month delay between the time they filed their Motion to Dismiss and the time that Plaintiff sought Leave to Amend as grounds for denying the Motion. Defs.' Opp'n at p. 7. A three month delay alone, without evidence of bad faith or unfair prejudice is insufficient to warrant such a harsh conclusion. *See, e.g., Middle Atl. Util. Co. v. S. M. W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (a *three-year* delay between the filing of the initial complaint and a request for leave to amend alone was found to be an inadequate basis to deny a motion to amend in the absence of some proof of bad faith or prejudice). Accordingly, we recommend that Defendants' Motion to Dismiss be **DENIED** as to this claim, and we order that Plaintiff's Motion for Leave to Amend be **GRANTED** as to this claim.

### E. Retaliation

Plaintiff claims that Defendants threatened to retaliate against him if he filed any grievances against them. P.A.C. at ¶ 40. Defendants argue that Plaintiff has failed to allege a causal connection

between a constitutionally protected exercise and an adverse action, and that Plaintiff's Proposed Amended Complaint should be dismissed because it fails to correct this error and would thus be futile. *See* Dkt. No. 13-1, Defs.' Mem. of Law at pp. 7–8; *see also* Dkt. No. 27, Defs.' Opp'n at p. 7. As explained below, we agree with Defendants.

The Second Circuit has made it clear that an inmate has a substantive due process right not to be subjected to retaliation for the exercise of a constitutional right, such as petitioning the government for redress of grievances. *Jones v. Coughlin,* 45 F.3d 677, 679-80 (2d Cir. 1995); *Franco v. Kelly,* 854 F.2d 584, 589-90 (2d Cir. 1988). Claims of retaliation, like those asserted by Plaintiff, find their roots in the First Amendment. Central to such claims is the notion that in a prison setting, corrections officials may not take actions which would have a chilling effect upon an inmate's exercise of First Amendment rights. *Gill v. Pidlypchak*, 389 F.3d 379, 381-83 (2d Cir. 2004).

Because of the relative ease with which claims of retaliation can be invoked, courts should examine such claims "with skepticism and particular care." *Colon v. Coughlin*, 58 F.3d at 872 (citation omitted); *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001), *overruled on other grounds*, *Swierkewicz v. Sorema N.A.*, 534 U.S. 506 (2002) ("[V]irtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." (citation omitted)); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

To state a First Amendment claim for retaliation, an inmate must demonstrate (1) he or she was engaged in constitutionally protected activity, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action

in that the alleged conduct was substantially motivated by the protected activity. *Gill v. Pidlypchak*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d at 492); *see also Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002).

The plaintiff bears the initial burden in showing that the defendant's actions were improperly motivated. To satisfy the second prong, a prisoner must present evidence inferring that a defendant acted with an improper motive. Such evidence includes: (1) temporal proximity between the protected activity and the alleged retaliatory act; (2) plaintiff's prior good disciplinary record; (3) plaintiff's vindication at his disciplinary hearing; and (4) defendants' statements regarding their motive for the discipline. *See Colon v. Coughlin*, 58 F.3d at 872-73. A plaintiff may meet this burden by presenting circumstantial evidence of a retaliatory motive, thus obviating the need for direct evidence. *Bennett v. Goord*, 343 F.3d 133, 139 (2d Cir. 2003) (holding that plaintiff met his burden in proving retaliatory motive by presenting circumstantial evidence relating to, *inter alia*, the temporal proximity of allegedly false misbehavior reports and the subsequent reversal of the disciplinary charges on appeal as unfounded). "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (citing *Dawes v. Walker*, 239 F.3d at 493). Otherwise, the retaliatory act is "*de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker*, 239 F.3d at 493. Furthermore, in satisfying the causal connection requirement the allegations must be "sufficient to support the inference that the speech played a substantial part in the adverse action." *Id*. at 492 (internal quotation marks and citations omitted) (cited in *Davis*, 320 F.3d at 353).

Here, Plaintiff alleges that between December 1, 2011, and May 2, 2012, he "faced threats

for his filing of grievances by Wood, Hayes, and Trudeau." P.A.C. at ¶ 29-2. However, neither the Original Complaint, nor the Proposed Amended Complaint, include any allegations from which a plausible cause of action for retaliation could be inferred. In both pleadings Plaintiff's allegations of abuse end on May 2, 2012. *Id.* at ¶ 30-1; Compl. at ¶ 28. Yet, Plaintiff did not file his first grievance until May 4, 2012. *See* P.A.C. at ¶¶ 29–34, & Exs. A–F. It is implausible to suggest that any of the alleged constitutional violations alleged by Plaintiff between November of 2011 and May 2, 2012 were adverse actions perpetrated by Defendants in retaliation for grievances Plaintiff had not yet filed. Nor has Plaintiff indicated in either pleading that he previously filed grievances against these Defendants, or that there then were subsequent acts towards him after May 4, 2012. Therefore, we recommend that Defendants' Motion to Dismiss be **GRANTED** as to this claim, and we further order that Plaintiff's Motion for Leave to Amend as to this cause of action be **DENIED** as futile.

### F. Defendants LaValley and Fischer

In his Motion for Leave to Amend, Plaintiff requests that Defendants Superintendent Thomas LaValley and Commissioner Brian Fischer be removed from the instant action. Dkt. No. 25, Mot. for Leave to Am., at ¶ 1. Defendants do not object to this request. Defs.' Opp'n at p. 3 n.1. Therefore, we recommend that these Defendants be **DISMISSED** from the instant action.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 13) be **GRANTED** in part, and **DENIED** in part, as follows:

1. **GRANTED** as to Plaintiff's retaliation claim; and
2. **DENIED** as to Plaintiff's excessive force claims; and it is further

**RECOMMENDED** that Defendants Fischer and LaValley be **DISMISSED** from this case; and it is further

**ORDERED** that Plaintiff's Motion for Leave to Amend (Dkt. No. 25) be **GRANTED** in part, and **DENIED** in part, as follows:

1. **GRANTED** with regards to Plaintiff's excessive force claims; and
2. **DENIED** as to Plaintiff's retaliation claim;

The Clerk is directed to send a copy of the proposed amended complaint (Dkt. No. 25) to Plaintiff, who is directed to sign that pleading and return it to the Clerk for filing within twenty (20) days of his receipt thereof; and it is further

**ORDERED** that upon receipt from plaintiff of a signed copy of his proposed amended complaint (Dkt. No. 25), the Clerk shall file that pleading as the amended complaint in this action which shall supersede the Original Complaint (Dkt. No. 1) as the operative pleading in this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 5, 2013
      Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge