**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREW VAIL,**

                              **Plaintiff,**

   vs.                                                  9:12-cv-01718
                                                                   (MAD/RFT)

**BRIAN FISCHER, Commissioner, New York**
**State Department of Corrections and Community**
**Supervision; THOMAS LAVALLEY, Superintendent,**
**Clinton Correctional Facility; TRUDEAU, Corrections**
**Officer, Clinton Correctional Facility; R. WOOD, Sergeant,**
**Clinton Correctional Facility; BRAN HAYES, Corrections**
**Officer, Clinton Correctional Facility,**

                              **Defendants.**
_____

**APPEARANCES:**                             **OF COUNSEL:**

**ANDREW VAIL**
10-A-4869
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**       **CHARLES J. QUACKENBUSH, AAG**
**STATE ATTORNEY GENERAL**
Albany Office
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

     In a complaint dated November 14, 2012, Plaintiff alleges that Defendants violated his constitutional rights under the First and Fourteenth Amendments through the use of excessive force and by threatening to retaliate against him in the event that he filed any grievances. *See* Dkt. No. 1. On February 21, 2013, Defendants moved to dismiss the complaint. *See* Dkt. No. 13.

Plaintiff responded to the motion to dismiss and subsequently filed a motion seeking leave to file an amended complaint. *See* Dkt. Nos. 16, 25.

In a September 6, 2013 Report-Recommendation and Order, Magistrate Judge Treece recommended that the Court grant in part and deny in part both motions. *See* Dkt. No. 30. Specifically, Magistrate Judge Treece recommended that the Court deny Defendants' motion to dismiss as to Plaintiff's excessive force claim, noting that the allegations "detail specific instances of what could only be described as malicious and sadistic acts perpetrated by Defendants with the sole purpose of harming Plaintiff." *See id.* at 8. Further, Magistrate Judge Treece recommended that the Court grant Plaintiff's motion to amend as to the excessive force claim because the proposed amended complaint provides important information missing from the original complaint, such as the dates of specific instances, as well as which Defendants were personally involved in each incident. *See id.* at 9.

Next, Magistrate Judge Treece recommended that the Court grant Defendants' motion and deny Plaintiff leave to amend as to his retaliation claims. *See id.* at 11. The report noted that, in both the original and proposed amended complaints, the allegations of abuse end on May 2, 2012, yet Plaintiff did not file his first grievance until May 4, 2012. *See id.* at 12 (citations omitted). As such, Magistrate Judge Treece found these claims to be implausible. *See id.* Finally, with the parties' consent, Magistrate Judge Treece recommended that Defendants LaValley and Fischer be dismissed from this action. *See id.* Neither party has objected to Magistrate Judge Treece's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However,

when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the September 6, 2013 Report-Recommendation and Order, the Court finds that Magistrate Judge Treece correctly determined that Defendants' motion to dismiss should be granted as to Plaintiff's retaliation claim and denied as to the excessive force claim. Plaintiff's allegations clearly set forth a plausible excessive force claim. Both the original and amended complaints, however, fail to set forth any alleged misconduct that occurred after

3

Plaintiff engaged in his alleged protected activity.  As such, Plaintiff has failed to set forth a plausible claim of retaliation.  Finally, Magistrate Judge Treece correctly determined that Defendants Fischer and LaValley should be dismissed from this case.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's September 6, 2013 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that Plaintiff's claims of retaliation and all claims against Defendants Fischer and LaValley are **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: September 25, 2013
Albany, New York

Mae A. D'Agostino
U.S. District Judge